IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID M. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1065-GMS |
| | ) | |
| DAVID PIERCE, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**M E M O R A N D U M**

**I.     BACKGROUND**

In October 1998, a grand jury returned a superseding indictment (consolidating three indictments) charging Williams with fourteen offenses. Four of the counts stemmed from Williams' arrest on March 25, 1998 for attempting to burglarize a residence in Wilmington, Delaware: two counts of attempted second degree burglary, one count of possession of burglar's tools, and one count of criminal mischief. On June 24, 1999, the Superior Court severed those four charges from the remaining eight charges, and a two-day jury trial ensued. However, the jury was unable to reach an unanimous verdict, and Williams was retried in August 1999. Petitioner represented himself during the second trial, and the court appointed stand-by counsel. The jury convicted Williams on all four offenses. *See State v. Williams*, 2000 WL 33726917, at *1 (Del. Super. Ct. Jul. 14, 2000).

In October 1999, Williams pled guilty to three of the remaining charges contained in the superseding indictment: forgery in the second degree, attempted escape in the third degree, and possession of a deadly weapon by a person prohibited. The prosecution dismissed the remaining

charges. The Superior Court sentenced Williams as a habitual offender to a total of 32 years and 30 days incarceration, suspended after 25 years for decreasing levels of supervision. Williams appealed his convictions and sentences for burglary, possession of burglar's tools, and criminal mischief. The Delaware Supreme Court affirmed the Superior Court's judgment. *See Williams v. State*, 856 A.2d 1067 (Table), 2004 WL 1874693, at *1 (Del. Aug. 13, 2004).

Williams filed his first § 2254 petition in 2002, which the court denied as procedurally barred. *See Williams v. Snyder*, 2003 WL 22480168 (D. Del. Oct. 23, 2003). In 2005, Williams filed a second habeas petition which contained challenges to a violation of probation charge as well as challenges to his 1999 conviction for second degree rape. This court denied the repetitive claims regarding his 1999 conviction as second or successive, and the other claim for lack of factual support. *See Williams v. Carroll*, 2006 WL 2949303 (D. Del. Oct. 17, 2006). Williams filed a third habeas petition in 2009, which the court denied as second or successive on November 16, 2009. *See Williams v. Phelps*, Civ. A. No. 9-570-GMS, Order (D. Del. Nov. 16, 2009). In December, 2012, Williams filed his fourth petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"), which the court denied as second or successive on July 31, 2013. *See Williams v. Phelps*, 12-1647-GMS, Mem. & Order (D. Del. July 31, 2013).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition

has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

### III. DISCUSSION

The instant petition is Williams' fifth habeas challenge to his August 1999 conviction for second degree burglary, and he contends that his consecutive habitual offender sentences should be automatically converted to concurrent habitual offender sentences pursuant to recent changes to 11 Del. Code § 4214. (D.I. 1) Although not entirely clear, Williams appears to assert that Delaware's habitual offender statute was recently amended by the adoption of 2014 Delaware Senate Bill No. 188, DE 147th General Assembly, to require all former consecutive habitual offender sentences to be treated as concurrent sentences. This assertion is factually incorrect. Senate Bill No. 188, titled "An Act to Amend Title 11 of the Delaware Code Relating to Habitual Offenders," has not been signed into law,[1] and even if signed into law, Senate Bill No. 188 would not convert former consecutive habitual offender sentences into concurrent sentences. Rather, the purpose of Senate Bill No. 188 is to vest "judges with discretion to determine 'habitual offender' sentences, rather than the Attorney General's staff. It also permits some offenders whose sentences were determined by the Attorney General's Office to be resentenced by judges."

---

[1] Senate Bill 188 was passed by the Senate on May 8, 2014 and sent to the House Judiciary Committee on May 13, 2014. Nothing has happened since then. *See* 2014 Delaware Senate Bill No. 188, 147th General Assembly, available at http://legis.delaware.gov/LIS/LIS147.NSF/vwLegislation/SB+188 In fact, the most recent amendment to § 4214 became effective on July 3, 2013, and merely added the crime possession of a firearm during the commission of a felony to the list of predicate felonies triggering habitual offender status.

3

*See* Delaware Senate Bill No. 188, DE 147th General Assembly, available at http://legis.delaware.gov/LIS/LIS147.NSF/vwLegislation/SB+188

Williams also cites to 2014 Delaware House Bill 312, DE 147th General Assembly, titled "An Act to Amend Title 11 of the Delaware Code Relating to Sentencing," as a basis for his argument that his present consecutive sentences should be considered as automatically changed to concurrent sentences. The Act was signed into law on July 9, 2014, and codified at 11 Del. Code § 3901(d). *See* Delaware House Bill No. 312, DE 147th General Assembly, available at http://legis.delaware.gov/LIS/LIS147.NSF/vwLegislation/HB+312 Once again, however, Williams' understanding of the amendment is factually incorrect. The adoption of the Act amended § 3901(d) by restoring judicial **discretion** over determining if a criminal defendant's sentence of confinement should run concurrently or consecutively with any other sentence of confinement imposed on the defendant; it does not mandate the imposition of only concurrent sentences. *See* 11 Del. Code § 3901(d). In tur, the amendment to § 3901(d) is proactive and does not have retroactive effect. *See State v. Priest*, 2014 WL 5003419, at *1 (Del. Super. Ct. Oct. 6, 2014).

Having determined that Williams' assertion regarding the effect of pending and/or enacted recent amendments to Delaware's sentencing statute is factually baseless, the court liberally construes Williams' instant petition as asserting a general challenge to his habitual offender sentence. Because Williams actually challenged his habitual offender sentence on double jeopardy grounds in his first habeas petition, the court concludes that the instant petition is second or successive for § 2244 purposes.

The record reveals that Williams did not obtain permission from the Third Circuit Court

of Appeals to file the instant petition. Accordingly, the court will dismiss the instant petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139. The court will also decline to issue a certificate of appealability because Williams has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Williams' § 2254 petition for lack of jurisdiction because it constitutes a second or successive habeas petition under 28 U.S.C. § 2244. A separate order will be entered.

Dec 29, 2015
DATE

UNITED STATES DISTRICT JUDGE

5